**Billy Ray JACKSON, Plaintiff-Appellant,**

v.

**ALABAMA DEPARTMENT OF PUBLIC SAFETY, etc., et al., Defendants-Appellees.**

No. 81–7137
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 28, 1981.

John L. Carroll, Montgomery, Ala. (Court-appointed), for plaintiff-appellant.

Ray Acton, Dept. of Public Safety, Montgomery, Ala., for defendants-appellees.

Before RONEY, HENDERSON and AN-DERSON, Circuit Judges.

PER CURIAM:

In this Title VII suit, the district court, after denying a motion for recusal alleging personal bias, granted summary judgment for defendants on the ground that the remedy for plaintiff's claims was restricted to enforcement of a consent decree in a prior section 1983 class action. We affirm.

■ The two comments of the district judge that plaintiff asserts as evidence of personal bias of the trial judge were made during another judicial proceeding. They do not show any personal bias, "let alone the 'pervasive bias' that must be shown to disqualify a judge for his statements made in a judicial setting." *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir. 1979). The trial court did not err in denying plaintiff's motion.

■ The grant of summary judgment was based on the effect of prior class litigation, in which plaintiff Jackson was a class member. In 1972, Phillip Paradise, Jr. brought a section 1983 action on behalf of himself and a class of similarly situated black State troopers against the Alabama Department of Public Safety for alleged discriminatory practices in relation to the Department's hiring, promotion, and firing of black employees. *Paradise v. Hilyer*, 470 F.Supp. 439 (M.D.Ala.).[1] On February 16, 1979, the district court entered a consent decree in that class action, whereby the defendants were ordered to review all terminations of State troopers made from August 5, 1975 through March 1, 1979. Jackson was terminated in 1976. The defendants were ordered to reinstate any employees terminated during that period because of racial considerations.

Although plaintiff's dismissal was reviewed pursuant to the decree, he was not rehired, the defendants having determined that his dismissal was not due to any improper racial considerations, but for legitimate reasons. Plaintiff now asserts in this action brought as a Title VII suit, that he should have been rehired, and that the review pursuant to that decree was racially biased.

Plaintiff's essential claim is that the defendants did not comply with the consent decree. As stated in plaintiff's brief to this Court:

> The consent decree thus created an employment entitlement in plaintiff-appellant, a right to a non-racially biased review of his 1976 termination. He alleges that the review which the Director undertook was racially biased and that the Director's decision not to rehire him was based on race.

Brief for Appellant at 12. It is quite apparent that this claim should be litigated in the class action. *See generally Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979); *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir. 1975).

The right asserted by plaintiff was "created," as his brief contends, by the consent decree. This is not the kind of case where the right would exist absent the decree, Title VII remedies having long since expired for the underlying claim of discrimination in the 1976 termination. Cases which indicate that a section 1983 decree does not subsume independent Title VII claims are not applicable to this situation. *See, e. g., Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 657 n.44 (5th Cir. 1974).

Because this claim would not exist but for the consent decree, the remedy should be found in the enforcement of that decree. The decree authorized plaintiff to apply to the court for an order which would enforce the terms of the decree or apply for any other relief which may be appropriate. That lawsuit being viable at the time this lawsuit was instituted, this independent action for enforcement was properly dismissed.

AFFIRMED.

1. The case is now styled *Paradise v. Shoemaker*.